**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

| | | |
|---|---|---|
| MUTUAL BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:09-CV-561 |
| | ) | |
| AMBROSIA BANQUET AND | ) | |
| CATERING, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the Court is the U.S. Small Business Administration's Motion for Summary Judgment. [DE 81.] The SBA seeks a judgment in its favor against Defendants Ambrosia Banquet and Catering, Inc. and James G. Banaszak based on the outstanding amounts due on a loan made to Ambrosia and guaranteed by Banaszak. The SBA contends that there are no genuine issues of material fact and it is entitled to judgment as a matter of law. No party has filed an opposition to this Motion. For the reasons detailed below, the Motion is granted. Furthermore, because granting the Motion extinguishes the sole basis for federal subject-matter jurisdiction in this case, the case will be remanded to St. Joseph Superior Court, the Indiana state court where it originated.

## FACTUAL BACKGROUND

On or about January 25, 2001, Ambrosia entered into a $463,000 loan with another Defendant in this case, Business Development Corporation. [DE 81-1 at 2.] As security for that loan, Banaszak also entered into an unconditional guaranty agreement with Business Development Corporation. [*Id.* at 2-3.] Business Development Corporation then assigned the

1

Ambrosia loan and the Banaszak guaranty to the SBA. [*Id.* at 3.] Ambrosia defaulted on the loan, and the entire indebtedness of Ambrosia and Banaszak became due and owing to the SBA. [*Id.*] As of June 16, 2010, the balance owed jointly and severally by Ambrosia and Banaszak was $494,553.61. [*Id.*] Since that day interest has continued to accrue on the principal balance at a rate of 6.423% per annum or $72.86 per diem. [*Id.*]

## DISCUSSION

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). In this case, given that no party has filed any response to the SBA's Motion or disputed any of the facts set forth therein, the SBA's allegations in its Statement of Material Facts are deemed admitted unless they are unsupported by the evidence or contradict each other. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("We have consistently held that a failure to respond by the nonmovant as required by local rules results in an admission."). Moreover, under Rule 56(e), if a party "fails to properly address another party's assertion of fact," the court may "grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it." Fed. R. Civ. P. 56(e).

It is easy to see that the SBA is entitled to judgment here. Construction of a written contract is generally a question of law for which summary judgment is appropriate. *Kordick v. Merchants National Bank & Trust Co.*, 496 N.E.2d 119, 125 (Ind. Ct. App. 1986). In this case, the loan and guaranty are unambiguous, and it is uncontested that Ambrosia defaulted on its loan and Banaszak defaulted on his guaranty. Once a default has been established, summary

judgment is appropriate.  *Morgan v. Southern Indiana Bank and Trust Company*, 473 N.E. 2d 158, 160 (Ind. Ct. App. 1985).  Thus, summary judgment in favor of the SBA is appropriate here.

Granting the SBA summary judgment rids this case of its sole federal claim.  In instances like this, where all federal law claims have been eliminated and only supplemental state law claims remain, a district court has discretion to remand a properly removed case to state court. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).  Indeed, the Seventh Circuit has repeatedly expressed its preference that district courts take this course of action.  *See, e.g.*, *Leister v. Dovetail, Inc.*, 546 F.3d 875, 882 (7th Cir. 2008) ("When the federal claim in a case drops out before trial, the presumption is that the district judge will relinquish jurisdiction over any supplemental claim to the state courts."); *Contreras v. Suncast Corp.*, 237 F.3d 756, 766 (7th Cir. 2001); *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999).

In order to decide whether to retain jurisdiction over supplemental state law claims, a district court should consider and weigh the factors of judicial economy, convenience, fairness, and comity.  *Carnegie-Mellon Univ.*, 484 U.S. at 350.  These factors weigh in favor of remand. Notions of comity support remand since this Court should defer to the St. Joseph Superior Court's interest in enforcing the laws of the State of Indiana.  St. Joseph Superior Court is also clearly a convenient forum since all the remaining parties are based either in Mishawaka or New Carlisle, Indiana, both of which are located in St. Joseph County.  And there is no serious risk of unfairness to any of the parties or a loss of judicial economy because the two motions still pending in this Court – Business Development Corporation's Motion for Summary Judgment [DE 65] and Mutual Bank's Motion for Auction Sale [DE 87] – can easily be resolved by the

3

state court. Thus, this case is remanded to St. Joseph Superior Court.

## CONCLUSION

Accordingly, U.S. Small Business Administration's Motion for Summary Judgment [DE 81] is **GRANTED** against Ambrosia Banquet and Catering, Inc. and James G. Banaszak, jointly and severally, in the amount of $494,553.61, plus a per diem interest amount of $72.86 from June 16, 2010 to the date of this judgment. Pursuant to 28 U.S.C. § 1447(c), this case is hereby **REMANDED** to the St. Joseph Superior Court, in St. Joseph County, Indiana, for redocketing under Indiana state court case number 71D05-0910-MF-854. Business Development Corporation's Motion for Summary Judgment [DE 65] and Mutual Bank's Motion for Auction Sale [DE 87] are hereby **DENIED AS MOOT**. The clerk shall treat this civil action as **TERMINATED**. All further settings in this action are hereby **VACATED**.

**SO ORDERED**.

ENTERED: December 3, 2010

s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
